IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JESSE F. REECE, Sr., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:06-CV-181-O |
| | § | ECF |
| COUNTRYWIDE HOME LOANS INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Jesse F. Reece, Sr., appearing *pro se* and proceeding *in forma pauperis*, brings this action against Defendant Countrywide Home Loans Inc., erroneously sued as Countrywide Home Loans and Countrywide Full Spectrum Lending Division. Plaintiff alleges that he was discriminated against on the basis of race in connection with a home loan application, in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*.[1]

I.  Procedural Background

Plaintiff filed his complaint on November 2, 2006, alleging Defendant discriminated against him by denying a home loan application. (Compl. at 6). On January 8, 2007, Defendant filed a Motion to Dismiss Plaintiff's Complaint, citing Plaintiff's failure to comply with Federal Rules of Civil Procedure 4 and 8. Doc. No. 7 (7:06-CV-181-O) (N.D. Tex. Jan. 8, 2007). This

---

[1] Plaintiff also references the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1601 *et seq*., and a subsection of the CCPA, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. The Court liberally interprets Plaintiff's complaint and determines that Plaintiff's claims of racial discrimination pursuant to the CCPA and FCRA are more appropriately covered, and ultimately subsumed by, the provisions of the ECOA, which provide for an action for applicants who have "in good faith exercised *any right* under the Consumer Credit Protection Act." 15 U.S.C. § 1691 (a)(3) (emphasis added).

1

Court granted Defendant's motion, dismissing Plaintiff's action and entered a final judgment. (Docs. Nos. 8, 9). Plaintiff appealed the Court's decision to the U.S. Court of Appeals for the Fifth Circuit. (Doc. No. 10).

The Circuit Court, in an opinion issued on October 8, 2007, vacated this Court's dismissal and remanded this case for further proceedings. (Doc. No. 16). The Fifth Circuit observed that "[Plaintiff's] claims of racial discrimination are conclusory and fail to cite supporting facts." *Reece v. Countrywide Home Loans*, 250 Fed. Appx. 91, 92 (5th Cir. 2007). In light of these observations, the Circuit Court instructed this Court to provide Plaintiff with an opportunity to "amend his complaint prior to dismissal." *Id*.

Plaintiff filed a Motion to Re-open this case on February 11, 2008. (Doc. No. 18). This Court granted Plaintiff's motion on February 12, 2008. (Doc. No. 19). Defendant then filed a Motion for a More Definite Statement or, in the Alternative, to Dismiss on March 7, 2008. (Doc. No. 20). Plaintiff filed his response in opposition to Plaintiff's Motion on March 14, 2008.(Doc. No. 21). On May 21, 2008, this Court granted Defendant's Motion for a More Definite Statement, and thereby provided Plaintiff an opportunity to augment the factual allegations of his complaint. (Doc. No. 23). *See aslo, Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper). More specifically, this Court directed Plaintiff to "provide factual details of when he allegedly was discriminated against, how he was discriminated against, and who at or affiliated with Countywide engaged in discriminatory behavior." (Doc. No. 23). Plaintiff filed his response on June 23, 2008. Plaintiff's Response ("Pl's Resp."). (Doc. No. 24). After considering this response, the Court now determines that Plaintiff has failed to present facts that support his

allegations against Defendant, and has failed state a claim for relief.

II.     Authority

A district court may dismiss a complaint filed in forma pauperis if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). In determining whether a plaintiff has stated an actionable claim for relief, the complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Martin K. Eby Constr. Co. v. DART*, 369 F.3d 464, 470 (5th Cir. 2004). An action is frivolous if it lacks an arguable basis in either law or fact. *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Bishop v. Lopez*, 2002 U.S. Dist. LEXIS 27365 (W.D. Tex. Jan. 31, 2002); *see also*, *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (responsibility for articulating the facts that give rise to a cognizable claim resides with the plaintiff).

   A.     The Fair Housing Act

The Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq., prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race. . ." 42 U.S.C. § 3604(b). A race discrimination claim brought under the FHA is governed by the same burden-shifting paradigm applicable to Title VII cases. *Baker v. Waterford Square Homeowners Ass'n*, 2002 U.S. Dist. LEXIS 12076 (N.D. Tex. Jul. 2, 2002). Thus, in order to establish a violation of the FHA, Plaintiff must prove that Defendant discriminated against him on the basis of race.

3

B.  The Equal Credit Opportunity Act

The Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(a), states in relevant part, "It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction on the basis of race . . . ." Race discrimination claims brought pursuant to the ECOA employ the same burden-shifting analysis conducted in Title VII cases. *Curley v. JP Morgan Chase Bank NA*, 2007 U.S. Dist. LEXIS 33395 (W.D. La. May 7, 2007); *aff'd, Curley v. JP Morgan Chase Bank NA*, 2008 U.S. App. LEXIS 849 (5th Cir. 2008). Thus, for his claim of discrimination on the basis of race under ECOA, Plaintiff must present facts of discrimination in order to prove unlawful discrimination on the basis of race by Defendants.

III.  Discussion

In this case, Plaintiff has failed to articulate any facts which, if taken as true, would demonstrate that actions taken against him by Defendants were undertaken for purposes of or as a result of racial discrimination. *See generally*, Pl's Resp. In his Response filed with the Court, Plaintiff reiterated the facts of the loan application denial listed in his complaint and identified himself as a "Black Male." *See generally*, Pl.'s Resp. However, the court is unable to infer race discrimination based on these facts alone. Without more, Plaintiff cannot establish his claims under either the FHA or the EOCA.

Plaintiff's Response provides little more than additional conclusory statements. For example, he informs that Court that the "situation . . . deprived Plaintiff of equal protection of the laws, these polic[ies] and practices are discrimination of Plaintiff." Pl.'s Resp. at 3. Plaintiff's mere suspicion or belief that he has suffered race-based discrimination is simply insufficient to maintain this action. *See Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556,

567 (5th Cir. 1983) ("a subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief"). Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient when a plaintiff is directed by a court to state the factual basis of a claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). In short, plaintiff's subjective belief that Defendant discriminated against him on the basis of race, without specific facts of race as motivation, is insufficient to maintain a claim of discrimination.

IV.     Conclusion

The Court has provided Plaintiff with a fair opportunity to plead facts sufficient to establish he was discriminated against in his loan application. Plaintiff has failed to do so. Because Plaintiff's complaint lacks an arguable basis in fact after this Court provided him with the opportunity to present additional facts, dismissal is appropriate. *See Bishop,* 2002 U.S. Dist. LEXIS 27365.

IT IS THEREFORE ORDERED that the complaint is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

SO ORDERED this 10th day of October, 2008.

_____
**Reed O'Connor
UNITED STATES DISTRICT JUDGE**